#### UNITED STATES DISTRICT COURT FOR THE
#### DISTRICT OF PUERTO RICO

BENEDICTA BORRERO-ROMAN, ET AL.,
  Plaintiffs,

v.

UNITED STATES OF AMERICA,
  Defendant.

Civil No. 04-2177 (HL)

### ORDER

Before the Court is the United States of America's unopposed motion to dismiss the complaint for lack of subject matter jurisdiction on the grounds that Plaintiffs' claims are time barred.[1] To date, Plaintiffs have not filed a response to said motion or requested an extension of time to do so. For the reasons set forth below, the Court grants the Government's motion to dismiss.

### STANDARD OF REVIEW

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure a defendant can assert that the court lacks subject matter jurisdiction to entertain an action. Fed.R.Civ.P. 12(b)(6). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, a court "may consider whatever evidence has been submitted, such as depositions and exhibits." *Aversa v. United States*, 99 F.3d. 1200, 1210 (1st Cir.1996). *See also*, *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir.2002). Motions brought under Rule 12(b)(1) are otherwise subject to the same standard of review as Rule 12(b)(6) motions. *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir.1994). Thus, a court must accept all well-pled factual averments as true and draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S.

---

[1] *See* Dkt. No. 4.

163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n.,* 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss the complaint unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## BACKGROUND

Plaintiffs Benedicta Borrero-Roman, Alfonso Soto-Sanchez, and the conjugal partnership comprised between them bring this action pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 2671, *et seq.* against the United States of America for damages incurred when Plaintiff Borrero-Roman allegedly slipped and fell in the U.S. Veteran Administration Hospital in San Juan, Puerto Rico. Plaintiffs duly filed administrative charges with the appropriate federal agency, the Department of Veterans Affairs, on April 1, 2003.[2] Plaintiffs' administrative claims were denied in a letter dated June 23, 2003.[3] The record is devoid of any averment or indication that Plaintiffs subsequently filed a request for reconsideration of the denial decision. Plaintiffs filed the instant action on October 28, 2004.[4]

## DISCUSSION

A tort claim against the United States shall be forever barred unless a suit is filed in federal court "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to with it was presented." 28 U.S.C. § 2401(b); *Gonzalez-Bernal v.*

---

[2] *See* Dkt. Nos. 4-3, 4-4 (Ex. I & II).

[3] *See* Dkt. Nos. 4-5 (Ex. III).

[4] *See* Dkt. No. 1.

*United States*, 907 F.2d 246, 248 (1st Cir.1990). Because the FTCA is a waiver of sovereign immunity, it is strictly construed." *Cascone*, 370 F.3d at 103 (citing *Skwira v. United States*, 344 F.3d 64, 73-74 (1st Cir.2003)); *McIntyre v. United States*, 367 F.3d 38, 51 (1st Cir.2004). As Plaintiffs did not file a request for reconsideration, the Veteran Administration's denial letter dated June 23, 2003 was a notice of final denial pursuant to 28 U.S.C. §§ 2401(b) and 2675. The notice of final denial of Plaintiffs' claims was mailed on June 23, 2003 (received June 30, 2003). However, Plaintiffs did not file the present action until over one year and four months later, on October 28, 2004. Thus, the instant case was begun well after section 2401(b)'s six-month deadline had expired. Therefore, Plaintiffs' claims brought under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 2671, *et seq.* are time barred. 28 U.S.C. § 2401(b).

## CONCLUSION

For the aforementioned reasons, the Government's motion to dismiss is hereby **granted**. Judgment dismissing this case shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 17, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge